Courtney Miller O'Mara (SBN 10683)
MaryJo E. Smart (SBN 16139)
FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
Email: comara@fennemorelaw.com
msmart@fennemorelaw.com

Ruben J. Rodrigues (*pro hac vice* forthcoming)
FOLEY & LARDNER LLP
111 Huntington Avenue, Ste 2500
Boston, Massachusetts 02199
Telephone: (617) 502-3228
Email: rrodrigues@foley.com

Alexis K. Juergens (*pro hac vice* forthcoming)
FOLEY & LARDNER LLP
95 South State Street, Ste 2500
Salt Lake City, Utah 84111
Telephone: (801) 401-8901
Email: ajuergens@foley.com

*Attorneys for Plaintiff UiPath Inc.*

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UIPATH INC.,<br><br>Plaintiff,<br><br>v.<br><br>RULE 14 LLC, a Nevada limited liability company; and SPX HOLDINGS LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF UIPATH, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff UiPath Inc. ("UiPath"), for its Complaint against Defendants Rule 14 LLC ("Rule 14") and SPX Holdings LLC ("SPX Holdings"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment action arising under the Declaratory Judgment Act,

28 U.S.C. § 2201 et seq. and the Patent Laws of the United States. UiPath seeks a declaration of non-infringement of United States Patent Nos. 9,229,977 ("the '977 Patent") and 11,048,712 ("the '712 Patent) (together, the "Patents-in-Suit").

**THE PARTIES**

2. Plaintiff UiPath Inc. ("UiPath") is a corporation organized and existing under the laws of Delaware, with a principal place of business at One Vanderbilt Avenue, 60th Floor, New York, NY 10017. UiPath is a global provider of business automation software.

3. Defendant Rule 14 LLC ("Rule 14") is a limited liability company organized and existing under the laws of Nevada. Historically, Rule 14 LLC appears to have had a principal place of business at 3003 Pennsylvania Ave, Santa Monica, CA. Recently, Rule 14 appears to have manufactured a purported principal place of business at 2701 East Grauwyler Road, Irving, Texas 75061-3414, upon information and belief, as pretext to justifying venue in the Eastern District of Texas in a patent infringement action brought against UiPath.

4. Defendant SPX Holdings LLC ("SPX Holdings") is a limited liability company organized and existing under the laws of Nevada, with a principal place of business at 3003 Pennsylvania Avenue, Santa Monica, California 90404.

**JURISDICTION AND VENUE**

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

7. As described in more detail below, an immediate, real and justiciable controversy exists between UiPath, Rule 14, and SPX Holdings as to whether UiPath is infringing or has infringed the Patents-in-Suit.

8. Rule 14 is subject to general personal jurisdiction in this district because it is a Nevada limited liability company and thus resides in the District of Nevada.

9. SPX Holdings is subject to general personal jurisdiction in this district because it is a Nevada limited liability company and thus resides in the District of Nevada.

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) because Rule 14 and SPX Holdings are both subject to personal jurisdiction in this judicial district.

## THE PATENTS-IN-SUIT

11. The ’977 Patent, entitled “Real-Time and Adaptive Data Mining,” issued on January 5, 2016. According to assignment documents recorded at the U.S. Patent and Trademark Office, Rule 14 assigned all interests in the ’977 Patent to SPX Holdings on or about March 18, 2022. SPX Holdings is the current assignee. A true and correct copy of the ‘977 Patent is attached as Exhibit A.

12. The ’712 Patent, entitled “Real-Time and Adaptive Data Mining,” issued on June 29, 2021. All the inventors of the ’712 Patent assigned their interest in the patent to SPX Holdings on or about March 18, 2022. SPX Holdings is the current assignee. A true and correct copy of the ’712 Patent is attached as Exhibit B.

13. SPX Holdings is the assignee of all right, title, and interest in the Patents-in-Suit.

## BACKGROUND

### I. Rule 14’s Texas Litigation and SPX Holding’s Ownership of the Patents-in-Suit

14. Rule 14 filed a complaint against UiPath in the Eastern District of Texas, Marshall Division, on December 22, 2023, Case No. 2:23-cv-627 (“Texas Litigation”). In that complaint, Rule 14 accused UiPath of infringing at least claim 1 of the ’977 Patent and claim 1 of the ’712 Patent. The complaint in the Texas Litigation (the “Texas Complaint”) is attached as Exhibit C.

15. In addition to alleging infringement of the Patents-in-Suit, the Texas Complaint represented that Rule 14 had all right and title to both Patents-in-Suit.

16. Upon investigation, however, UiPath has learned that all right and title to the ’977 and ’712 Patents was assigned to SPX Holdings well before filing of the Texas Complaint.

17. Assignment documents recorded at the U.S. Patent & Trademark office revealed that, to the extent Rule 14 once had title to the ’977 Patent, it assigned all of its rights in the ’977 Patent to SPX Holdings in March of 2022. *See* Exhibit D, Assignment of ’977 Patent from Rule 14 to SPX Holdings recorded at Reel/Frame No. 060402/0753.

18. Similarly, with regard to the ’712 Patent, all right and title was assigned to SPX

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

Holdings directly by the inventors of the '712 Patent in March of 2022. *See* Exhibit E, Assignment of '712 Patent from Inventors to SPX Holdings recorded at Reel/Frame No. 060402/0699.

19. The assignment documents recorded at the U.S. Patent & Trademark Office do not reflect any assignment of the Patents-in-Suit back to Rule 14 prior to the commencement of the Texas Litigation.

**II. Rule 14's Attempt to Manufacture Justification for Venue in Texas**

20. SPX Holdings is not a party to the Texas Litigation, nor does the Texas Complaint make any mention of SPX Holdings.

21. Rule 14 is a Nevada company that, up until late last year, ostensibly operated out of Southern California at 3003 Pennsylvania Avenue, Santa Monica, California 90404. Just prior to filing suit against UiPath in the Eastern District of Texas, Rule 14 registered to do business for the first time in Texas (*See* Exhibit F), wiped its California address from its website (compare Ex. G at p. 5, a capture of the Rule 14 website from early 2023 and Ex. H at p. 5, a recent capture of the same website), and began using an Irving Texas address that is also the address for Excela Technologies, Inc. –another company that appears to be tied to the principals of Rule 14. (*See* Ex. I, capture of the Excela Technologies website and Ex. C at ¶ 5).

22. Despite Rule 14's attempt to portray itself as operating out of Texas, all of the principals of Rule 14 appear to continue to live and work in Southern California. Indeed, each individual listed on Rule 14's "Leadership" team also appears to be located in California, not Texas, according to each individual's LinkedIn pages. (*See* Exhibit J, pgs. 1–9 displaying Rule 14's current "Leadership" teams, and pgs. 10–19 displaying each Leadership member's LinkedIn page with their current location highlighted in red).

**III. Rule 14 is Not the Patent Owner and Lacks Standing to Sue UiPath—Rendering the Texas Complaint Jurisdictionally Deficient**

23. In patent infringement cases, "[a] party may bring an action for patent infringement only if it is the 'patentee,' *i.e.*, if it owns the patent, either by issuance or by assignment." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250–51 (Fed. Cir. 2000). "[I]n order to assert

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original).

24. On the day that Rule 14 filed its complaint in the Texas Litigation, it appears to have lacked standing because it did not hold any enforceable title to the Patents-in-Suit. All those rights appear to have been assigned to SPX Holdings.

25. Accordingly, UiPath intends to Move to Dismiss the Texas Litigation on this basis.

26. Because of Rule 14's allegations of infringement of the Patents-in-Suit in the Texas Litigation, UiPath has a reasonable apprehension that Rule 14 (which has already filed suit against UiPath) and/or SPX Holdings (which appears to own the patents and is operated by the same principals as Rule 14) will continue asserting that UiPath infringes the Patents-in-Suit, and will continue to press this issue in a suit against UiPath.

27. Based on the foregoing, a justiciable controversy exists between UiPath on the one hand and Rule 14 and SPX Holdings on the other as to whether UiPath infringes the Patents-in-Suit.

28. Absent a declaration of non-infringement, Rule 14 and SPX Holdings will continue to wrongfully allege that UiPath infringes the Patents-in-Suit, and thereby cause UiPath irreparable injury and damage.

**FIRST CAUSE OF ACTION**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '977 PATENT**

29. UiPath restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

30. UiPath has not infringed and does not infringe any claim of the '977 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

31. UiPath does not infringe any claims of the '977 Patent at least because it does not practice all the required elements of any of the independent claims of the '977 Patent. While the complaint in the Texas Litigation fails to explain in detail how any accused UiPath product purportedly practices the claims (and therefore fails to plausibly plead a claim for infringement),

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

the products referenced in the complaint fail to practice at least the following required elements of claim 1 of the ’977 Patent (the only claim specifically identified in the Texas complaint, though the remaining independent claims of the ’977 Patent contain similar elements). For example, the identified UiPath products simply do not utilize a query-based system in the manner contemplated by the ’977 Patent, and accordingly do not practice at least the following elements of claim 1 of the ’977 Patent:

- No identified UiPath product “generat[es], via a first user, a query based at least in part on a topic of interest,” nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product “expand[s] search terms of the query,” nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product “execut[es] the quest on a plurality of data sources,” nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product “select[s] at least one data source from the plurality of data sources, the at least one data source being selected when results of the query are greater than or equal to an accuracy thresholds,” nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product “monitor[s], based on a set schedule, the at least one data source to extract data from the at least one data source when at least an update to stored data that matches the query, newly added data that matches the query, or a combination thereof,” nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim; and
- No identified UiPath product “establish[es] a communication channel with a second user based at least in part on the data extracted from the at least one monitored data source,” nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim.

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

32. The allegations by Rule 14 that UiPath infringes patents owned by SPX Holdings, and UiPath's denial of infringement, have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '977 Patent. A valid and justiciable controversy has arisen and exists between Rule 14, SPX Holdings, and UiPath within the meaning of 28 U.S.C. § 2201.

33. A judicial determination of non-infringement is necessary and appropriate so that UiPath may ascertain its rights regarding the '977 Patent.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '712 PATENT

34. UiPath restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

35. UiPath has not infringed and does not infringe any claim of the '712 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

36. UiPath has not infringed and does not infringe any claim of the '712 Patent at least because it does not practice all the required elements of any of the independent claims of the '712 Patent. While the complaint in the Texas Litigation fails to explain in detail how any accused UiPath product purportedly practices the claims (and therefore fails to plausibly plead a claim for infringement), the products referenced in the complaint fail to practice at least the following required elements of claim 1 of the '712 Patent (the only claim specifically identified in the Texas complaint, though the remaining independent claims of the '712 Patent contain similar elements). For example, no single identified UiPath product practices each element of claim 1 of the '712 Patent, and accordingly do not practice at least the following elements of claim 1 of the '712 Patent:

- No identified UiPath product "receiv[es], from a first user, a query for non-textual data," nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product "expand[s] search terms of the query," nor does the Texas complaint demonstrate that any UiPath product practices this portion of the

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

claim;

- No identified UiPath product "execut[es] the query on a plurality of data sources," nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product "select[s] at least one data source from the plurality of data sources, the at least one data source being selected when results of the query are greater than or equal to an accuracy thresholds," nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim;
- No identified UiPath product "monitor[s], based on a set schedule, the at least one data source to extract non-textual data from the at least one data source when at least an update to stored data matches the query, newly added non-textual data matches the query, or a combination thereof," nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim; and
- No identified UiPath product "establish[es] a communication channel with a second user based at least in part on the data extracted from the at least one monitored data source," nor does the Texas complaint demonstrate that any UiPath product practices this portion of the claim.

37. The allegations by Rule 14 that UiPath infringes patents owned by SPX Holdings, and UiPath's denial of infringement, have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '712 Patent. A valid and justiciable controversy has arisen and exists between Rule 14, SPX Holdings, and UiPath within the meaning of 28 U.S.C. § 2201.

38. A judicial determination of non-infringement is necessary and appropriate so that UiPath may ascertain its rights regarding the '712 Patent.

**<u>THIRD CAUSE OF ACTION</u>**

**LACK OF OWNERSHIP/STANDING WITH REGARD TO THE '977 PATENT**

39. UiPath restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

40. There exists an actual and justiciable controversy regarding the ownership of the ’977 Patent.

41. SPX Holdings appears to own all right and title to the ’977 Patent, precluding Rule 14 from bringing suit for any alleged infringement of the ’977 Patent that it does not own. Yet, Rule 14 nonetheless brought a patent infringement action against UiPath in the Eastern District of Texas.

42. Accordingly, UiPath requests a judicial determination and declaration of Rule 14’s lack of ownership and lack of standing to bring suit on the ’977 Patent.

## FOURTH CAUSE OF ACTION

## LACK OF OWNERSHIP/STANDING WITH REGARD TO THE ’712 PATENT

43. UiPath restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

44. There exists an actual and justiciable controversy regarding the ownership of the ’712 Patent.

45. SPX Holdings appears to own all right and title to the ’712 Patent, precluding Rule 14 from bringing suit for any alleged infringement of the ’712 Patent that it does not own. Yet, Rule 14 nonetheless brought a patent infringement action against UiPath in the Eastern District of Texas.

46. Accordingly, UiPath requests a judicial determination and declaration of Rule 14’s lack of ownership and lack of standing to bring suit on, the ’712 Patent.

## FIFTH CAUSE OF ACTION

## DECLARATORY JUDGMENT THAT UNCLEAN HANDS BARS ENFORCEMENT OF THE PATENTS-IN-SUIT

47. UiPath restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

48. There exists an actual and justiciable controversy over whether the doctrine of unclean hands bars the enforcement of the Patents-in-Suit.

49. Rule 14 and SPX Holdings have engaged in an improper scheme to obfuscate the true ownership of the Patents-in-Suit while working in concert to improperly manufacture facts for

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

the sole basis of purporting to justify venue in the Eastern District of Texas. Rule 14 then filed suit against UiPath on patents that it appears to not have owned.

50. Accordingly, UiPath requests a judicial determination that any enforcement of the Patents-in-Suit by Rule 14 and SPX Holdings is barred by the doctrine of unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, UiPath respectfully requests the following relief:

A. Judgment that UiPath has not infringed and does not infringe any claim of the Patents-in-Suit;

B. Judgment in favor of UiPath and against Rule 14 and SPX Holdings on UiPath's claims;

C. That Rule 14 lacks standing to enforce the Patents-in-Suit because it does not own the Patents-in-Suit;

D. That enforcement of the Patents-in-Suit is barred due to Rule 14 and/or SPX Holdings' unclean hands;

E. A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling UiPath to an award of reasonable attorney's fees, expenses and costs in this action; and

F. Such further and additional relief as the Court deems just and proper.

**JURY DEMAND**

UiPath demands a jury trial on all issues and claims so triable.

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

DATED: February 27, 2024.

**FENNEMORE CRAIG, P.C.**

*/s/ Courtney Miller O'Mara*

Courtney Miller O'Mara
MaryJo E. Smart
7800 Rancharrah Pkwy
Reno, Nevada 89511
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
Email: comara@fennemorelaw.com
msmart@fennemorelaw.com

**FOLEY & LARDNER LLP**

Ruben J. Rodrigues (*pro hac vice* forthcoming)
111 Huntington Avenue, Ste 2500
Boston, Massachusetts 02199
Telephone: (617) 502-3228
Email: rrodrigues@foley.com

Alexis K. Juergens (*pro hac vice* forthcoming)
95 South State Street, Ste 2500
Salt Lake City, Utah 84111
Telephone: (801) 401-8901
Email: ajuergens@foley.com

*Attorneys for Plaintiff UiPath Inc.*

FENNEMORE CRAIG, P.C.
7800 Rancharrah Pkwy
Reno, Nevada 89511
Tel: (775) 788-2200 Fax: (775) 786-1177

# EXHIBIT INDEX

| | |
|---|---|
| **Exhibit A** | Patent No. 9229977 |
| **Exhibit B** | Patent No. 11048712 |
| **Exhibit C** | Plaintiff Rule 14 LLC's Complaint |
| **Exhibit D** | Patent Assignment Cover Sheet – 9229977 |
| **Exhibit E** | Patent Assignment Cover Sheet – 11048712 |
| **Exhibit F** | UIPath Taxable Entity Status |
| **Exhibit G** | Rule14 Office |
| **Exhibit H** | Rule14 Office Today |
| **Exhibit I** | Exela Tech Address |
| **Exhibit J** | Current Leadership Team |